UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, in Trust for the Holders of COMM 2013-CCRE8 Mortgage Trust Commercial Mortgage Pass-Through Certificates, (a/k/a U.S. Bank National Association as Trustee for Deutsche Mortgage & Asset Receiving Corporation, COMM 2013-CCRE8 Mortgage Trust, Commercial Mortgage Pass-Through Certificates) by and through Midland Loan Services, a Division of PNC Bank National Association, its Special Servicer, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 5: 14-170-DCR |
| Plaintiff, | ) ) | |
| V. | ) ) | |
| GEORGETOWN MOBILE ESTATES, LLC, a Kentucky limited liability Company, et al., | ) ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff U.S. Bank National Association, as Trustee, in Trust for the Holders of COMM 2013-CCRE8 Mortgage Trust Commercial Mortgage Pass-Through Certificates (a/k/a U.S. Bank National Association, as Trustee for Deutsche Mortgage & Asset Receiving Corporation, COMM 2013-CCRE8 Mortgage Trust, Commercial Mortgage Pass-Through Certificates) by and through Midland Loan Services, a Division of PNC Bank, National Association, its Special Servicer, moves for summary judgment and an order of sale in this commercial foreclosure action. [Record No. 47]   Defendant Georgetown Mobile Estates,

LLC ("GME") contends that summary judgment is premature and that Plaintiff has failed to adequately substantiate its claim of default of the loan and damages. [Record No. 50] Further, Defendant Little Joe's Mobile Home Sales, Inc. ("Little Joe's") (collectively "Defendants") argues that Plaintiff may not foreclose on the waste treatment facilities located on the subject property and owned by Little Joe's. [Record No. 50] Having considered the evidence[1] submitted by the parties as well as their arguments, the Court will grant partial summary judgment in favor of Plaintiff on liability. The parties were given 30 days from the hearing to conduct additional discovery under Fed. R. Civ. P. 56(d) regarding the amount of damages and file any supplemental briefs related to the issue of damages. That issue will be addressed by a separate order upon the completion of this additional discovery period.

## I.

Cantor Commercial Real Estate Lending, L.P. ("Lender") made a loan to GME on or about May 16, 2013, subject to the terms of the loan agreement. [Record No. 1-1] Under the terms of the loan agreement, the Lender agreed to lend GME a substantial sum: $10,750,000.00. The loan was secured by real property which is being used and operated as one or more mobile home parks in Fayette and Scott Counties in Kentucky. A promissory note was executed on the same day as the loan agreement. [Record No. 1-2] The loan agreement was assigned to the Plaintiff by the Omnibus Assignment from the Lender to the Plaintiff. [Record No. 1-1]

To secure repayment of the loan, GME executed a mortgage and security agreement and an "Assignment of Leases and Rents" ("ALR") to the Lender. These documents were

---

[1]     Daniel Sexton, as Managing Member of Star Lite Development, LLC and Georgetown Mobile Estates East LLC, which are the members of Defendant GME, filed an affidavit in this matter. [Record No. 21-1] Plaintiff's Senior Asset Manager, Paul Martin, also submitted an affidavit on behalf of Plaintiff. [Record No. 10-1]

recorded on May 17, 2013 in the County Clerk's Offices in Fayette and Scott Counties. [Record No. 1-3]  The mortgage conveyed a first lien on the property, including certain real estate described therein, together with all improvements, appurtenances, fixtures, and equipment, sanitary sewer facilities, leases, rents, issues and profits, and all other property described in the mortgage.  [Record No. 1-3, §1.1]  As further security for repayment of the promissory note and performance of GME's other obligations under the loan, GME and Little Joe's executed and delivered to the Lender an Assignment of Wastewater Facilities Agreement and Subordination of Fees ("Wastewater Assignment"), dated May 16, 2013. [Record No. 1-6]  Earlier, on May 8, 2013, Little Joe's and GME entered into an agreement, entitled "Wastewater Facilities Agreement," regarding the operation, licensing and payment for waste water/treatment facilities located on the subject property, which treated the wastewater for the tenants' homes located on the property.  [Record No. 1-6, pp. 11–15]  The Wastewater Assignment allowed, *inter alia*, GME to assign the Facilities Agreement to the Lender and for Little Joe's to subordinate its interests to the Lender.  [*See* Record No. 1-6, pp. 2–9]

Further, GME granted the Plaintiff a security interested in certain collateral described in the mortgage, specifically, the fixtures, equipment, personal property and other property constituting the property at issue.  [Record No. 1-3, p. 7, ¶1.3]  The collateral was secured through financing statements under the Uniform Commercial Code ("UCC").   The Defendants do not contest the existence of, or their agreement to, any of these loan documents.

## II.

Summary judgment is appropriate when there are no genuine disputes regarding any material facts and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002).  A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party.  That is, the determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52 (1986); *see Harrison v. Ash*, 539 F.3d 510, 516 (6th Cir. 2008).  In deciding whether to grant summary judgment, the Court views all the facts and inferences drawn from the evidence in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

## III.

Because GME admits that it has defaulted on certain provisions of the loan, the Plaintiff is entitled to partial summary judgment on the issue of liability.  First, GME defaulted by failing to make one or more payments of principal and interest when due as required by the loan documents.  [*See* Record No. 10-2, p. 4, ¶ 6; Record No. 10-6; Record 1-1, p. 79, §8.1.1(a)(i)]  GME admits it was behind by approximately two regular monthly payments as of May 27, 2014, and was less than one payment behind on or about March 25, 2014.  [Record No. 21-1, p. 5, ¶ 12]  In its Answer, GME also admitted that it was behind on several payments at different times.  [Record No. 32, pp. 4-5, ¶ 20]  The Plaintiff notified GME of the late payments or defaults between September 2013 and February, 2014, but GME did not cure the deficiencies.  [*See* Record No. 10-2, p. 4, ¶ 6]  Consequently, the

-4-

Plaintiff accelerated the promissory note, declared the balance of the loan to be immediately due and payable, and demanded that all rents be paid to Plaintiff.  [Record No. 1, p. 8, ¶ 20; Record No. 1-10]

In addition to the defaults based on late or deficient payments on the loan, GME violated other provisions of the loan agreement which constitute default under its terms.[2] GME did not turn over the rents to the Plaintiff as required by the mortgage.  [Record No. 1-5, pp. 3-4, §3.1; Record No. 10-2, p. 7, ¶ 9; Record No. 21-1, p. 6, ¶ 18]  GME admits that it also failed to meet the terms of the loan documents by failing to renew and timely pay the fees for the sewer facilities permits issued by the Kentucky Department for Environmental Protection as required by the loan agreement.  [Record No. 1-1, p. 51, ¶ 5.1.1(b); Record No. 10-2, p. 5, ¶ 10; Record No. 21-1, p. 2, ¶¶ 5, 16; Record No. 32, p. 5, ¶ 21; Record No. 1-1, p. 81, § 8.1.1(a)(xvi)]  Further, there were additional liens, such as Sam Ward Plumbing LLC's mechanic's lien, which was filed in Scott County on December 30, 2013.  This constitutes another violation of the terms of the loan documents.  [Record No. 1-1, p. 79, § 8.1.1(a)(iv)]  GME admitted that the debt was owed and that the lien had been filed, although Daniel Sexton, GME's Manager, denied any knowledge of the debt prior to the lien's filing. [Record No. 32, p. 5, ¶22; Record No. 21-1, pp. 5–6, ¶15]

Thus, in addition to the late and insufficient payments of the loan principal and interest which alone are sufficient to breach the terms of the loan and allow Plaintiff to

---

2       A lawsuit, *Rebecca Feasby v. Georgetown Mobile Estates*, 14-CI-3509, filed in Fayette Circuit Court on September 16, 2014, suggests that GME had granted an interest in the rent payments for certain lots to another third-party in 2009.  [Record No. 52-2]  If true, this would demonstrate yet another violation of the loan documents, as GME had asserted in the loan agreement that it was not a party to any agreement that would adversely affect GME or the property, and it was not in default on any agreement to which it was a party.  [Record No. 1-1, p. 44, ¶¶ 4.1.5, 4.1.6]

accelerate payment, the Plaintiff has demonstrated that GME was in violation of several other material requirements of the loan.  Upon a breach of any agreement or covenant of the mortgage or the other loan documents, the Plaintiff is entitled to enforce the mortgage and to have the property sold to pay towards the amounts due.  [Record No. 1-3, pp. 12-13, ¶ 7.1; Record No. 1-1, p. 81, § 8.1.2; Record No. 1-5, pp. 5-6, § 3.1]  Based on GME's admissions in the pleadings and other filings, as well as during oral arguments at the hearing, there are no material issues of fact which preclude summary judgment on the issue of liability in this matter.

The Court also concludes that Little Joe's interest does not bar summary judgment. Little Joe's claims to own the sanitary sewer facilities located on the property of GME covered by the loan.  It argues that the Wastewater Assignment only assigns and subordinates Little Joe's rights under the Facilities Agreement, and any lien rights or claims for payment of fees under the Agreement, and makes those claims (by Little Joe's) inferior to the Plaintiff's lien.  Thus, Little Joe's claims that an ownership interest in the wastewater treatment facilities was not given to GME or Plaintiff.[3]

A plain reading of the documents involved in the transaction disposes of Little Joe's argument.  In the Wastewater Assignment, Little Joe's agreed that "[t]he Facilities Agreement and any and all liens, rights and interests . . . owed, claimed or held by [Little Joe's] in and to the Property are, and shall be in all respects, subordinate and inferior to the liens and security interests created, or to be created for the benefit of Lender, and securing the Obligations under the Loan Agreement and the other Loan Documents . . . ."  [Record

---

[3]      Daniel Sexton signed the Facilities Agreement and Wastewater Assignment in his capacities as Little Joe's President and as GME's Manager.  Mr. Sexton also signed the mortgage and other loan documents on behalf of GME as its Manager.

No. 1-6, p. 3, ¶ 2]  Thus, the subordination of Little Joe's ownership interest was not made by virtue of the assignment of the separate Facilities Agreement, but was expressly made and granted through the Wastewater Assignment itself.  Property is defined in the Wastewater Assignment by reference to the loan agreement.  [Record No. 1-6, p. 2]  The loan agreement refers to the "parcel of real property, the Improvements thereon . . . as more particularly described in the granting clause of the Security Instrument . . ."  [Record No. 1-1, p. 24]  The loan agreement also defines "Improvements" by reference to the Security Instrument. [Record 1-1, p. 16]  The mortgage provides an extensive definition.  [Record No. 1-3, pp. 3-4, § 1.1]  As it relates to Little Joe's, "Property" is defined to include Land, Improvements, Easements, and Fixtures — specifically mentioning "sanitary sewer facilities."  [*Id.*]  Further, "Property" includes "a security interest in the portion of the Property which is or may be subject to the provisions of the Uniform Commercial Code which are applicable to secured transactions; it being understood and agreed that the Improvements and Fixtures are part and parcel of the Land" that was mortgaged.  [Record No. 1-3, p. 6]  Thus, to the extent that Little Joe's has an ownership interest in the wastewater facilities, it is subordinate to Plaintiff's interest as a matter of law.

**IV.**

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1.      Plaintiff's motion for summary judgment [Record No. 47] is **GRANTED**, in part, on the issue of liability.

2.      The determination of damages remains pending before the Court.  Once that issue is resolved, a final Judgment and Order of Sale will be entered.

This 15th day of January, 2015.



Signed By:

*__Danny C. Reeves__*

**United States District Judge**