UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, in Trust for the Holders of COMM 2013-CCRE8 Mortgage Trust Commercial Mortgage Pass-Through Certificates, (a/k/a U.S. Bank National Association as Trustee for Deutsche Mortgage & Asset Receiving Corporation, COMM 2013-CCRE8 Mortgage Trust, Commercial Mortgage Pass-Through Certificates) by and through Midland Loan Services, a Division of PNC Bank National Association, its Special Servicer, | ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 5: 14-170-DCR |
| Plaintiff, | ) ) ) | |
| V. | ) ) | |
| GEORGETOWN MOBILE ESTATES, LLC, a Kentucky Limited Liability Company, et al., | ) ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*

While liability has been resolved, the issue of the amount of damages remains pending for resolution.  Plaintiff U.S. Bank National Association, as Trustee, in Trust for the Holders of COMM 2013-CCRE8 Mortgage Trust Commercial Mortgage Pass-Through Certificates (a/k/a U.S. Bank National Association, as Trustee for Deutsche Mortgage & Asset Receiving Corporation, COMM 2013-CCRE8 Mortgage Trust, Commercial Mortgage Pass-Through Certificates) by and through Midland Loan Services, a Division of PNC Bank, National Association, its Special Servicer, was granted summary judgment on January 15,

2015, on the issue of liability in this commercial foreclosure action.  [Record No. 67]  The parties were permitted to file supplemental briefs following additional discovery requested by Defendant Georgetown Mobile Estates, LLC ("GME") under Fed. R. Civ. P. 56(d).  The Court, having considered the evidence and the arguments of the parties, will enter a Judgment and Order of Sale.

## I.

Cantor Commercial Real Estate Lending, L.P. ("Lender") made a loan to GME on or about May 16, 2013, subject to the terms of a loan agreement.  [Record No. 1-1]  Under the terms of the agreement, the Lender agreed to loan GME the principal sum of $10,750,000.00.  The loan was secured by real property which is being used and operated as one or more mobile home parks located in Fayette and Scott Counties, Kentucky.  A promissory note was executed on the same day as the loan agreement.  [Record No. 1-2]  The loan agreement was assigned to the plaintiff by the Omnibus Assignment from Lender to Plaintiff.  [Record No. 1-1]   To secure repayment of the loan, GME executed a mortgage and security agreement and an "Assignment of Leases and Rents" to the Lender.  [Record No. 1-3]  The mortgage conveyed a first lien on the property, including certain real estate described therein, together with all improvements, appurtenances, fixtures, and equipment, sanitary sewer facilities, leases, rents, issues and profits, and all other property described in the mortgage.  [Record No. 1-3, §1.1]  GME does not contest the existence of, or its agreement to, any of the loan documents.

The plaintiff submitted evidence that, pursuant to the terms and conditions of the loan documents, Defendant owes the amount of $13,137,188.13 (including principal, interest, and

certain other premiums, costs, fees, and expenses through December 1, 2014), plus per diem interest of $3,010.05 from December 1, 2014, until paid.  [*See* Record Nos. 73-1, 74-3.]

## II.

Summary judgment is appropriate when there are no genuine disputes regarding any material facts and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002).  A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party.  That is, the determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52 (1986); *see Harrison v. Ash*, 539 F.3d 510, 516 (6th Cir. 2008).  In deciding whether to grant summary judgment, the Court views all the facts and inferences drawn from the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

GME argues that the Court should disallow the calculated default interest and the prepayment premium.  Further, GME argues that the plaintiff has not met its burden to show that the claimed calculation of damages is accurate.  Default interest in this context is not, as GME argues, an impermissible penalty under Kentucky law. *Travelers Ins. Co. v. Corporex Properties, Inc.,* 798 F. Supp. 423, 428 (E.D. Ky. 1991).  GME contends that default interest is not allowable under law or, in the alternative, that it should only be applied from July 7, 2014, forward because interest has been paid for the time prior to that date.  GME relies only upon a general discussion of liquidated damages in support of its position.  To the contrary, as contemplated by the parties' contract, default interest is permissible under Kentucky law.

-3-

*See Republic Bank & Trust Co. v. Van Arsdale*, 2005CA2449, 2007 WL 2743436, at *2–3 (Ky. Ct. App. Sept. 21, 2007); *Keybank v. Hartmann*, No. 12cv14-GFVT, 2014 WL 641003, at *4 (E.D. Ky. Feb. 18, 2014).  Further, the plaintiff has properly applied the default interest provision in the form and manner that GME agreed to in the loan documents.  As a result, the Court will award default interest.

GME also contests the application of the prepayment premium provided by the loan agreements because it asserts that there is no "basis or analysis to demonstrate that this huge sum is related to the complex formula provided in the Loan Agreement."  [Record No. 73, p. 5]  However, Paul Martin, the Senior Asset Manager for Midland Loan Services, described the formula for the prepayment premium, or yield maintenance premium, in detail during his deposition.  [Record No. 73-2, pp. 81–85]  Prepayment premiums are permissible under Kentucky law.  *Corporex*, 798 F. Supp. at 428.  Thus, the plaintiff is entitled to the prepayment premium, as calculated, as a matter of law.

Next, the plaintiff has substantiated its damages due under the terms of the loan documents.  GME requested, and was allowed, additional time to conduct discovery regarding the amount of damages as claimed in the payoff statement.  Despite this additional discovery, GME has not demonstrated any material fact that would preclude summary judgment in the amount requested by the plaintiff.  Viewing all facts and inferences drawn from the evidence in a light most favorable to GME, the Court finds that there are no material issues of fact remaining and that the plaintiff is entitled to judgment in the amount of damages claimed in the payoff statement.

**III.**

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1.      The plaintiff's motion for summary judgment [Record No. 47] is **GRANTED**, in part, on the issue of damages in the amount of $ 13,137,188.13 plus per diem interest of $3,010.05 from December 1, 2014, until paid, and as more specifically set out in the Judgment and Order of Sale.

2.      A separate Judgment and Order of Sale will be entered.

This 18ᵗʰ day of February, 2015.



Signed By:
_Danny C. Reeves_
United States District Judge